LEON GREENBERG, SB# 226253
Leon Greenberg Professional Corporation
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorney for Plaintiff



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

---------------------------------x
MICHAEL RAY BREVIK,
Individually and on behalf of
others similarly situated,

      Plaintiff,

vs.

BLACK & VEATCH CORPORATION,
and JOHN DOES I through XXX,
actual names and number
unknown,

      Defendant.
---------------------------------

Case No.: 10-4872

**COMPLAINT**

**CLASS ACTION**

EDL

COMES NOW PLAINTIFF, on behalf of himself and all others similarly situated and on behalf of the general public, hereby alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the claims alleged herein because Plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA") for the Defendant's failure to pay overtime wages due for work performed within the County of Contra Costa, State of California. The Court has jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a). Venue is properly placed

1

in this Court as the work performed by plaintiff within the State of California that is at issue was performed within this district and defendant does or has done business in this district.

**INTRADISTRICT ASSIGNMENT**

2. Assignment of this case to the San Francisco Division or Oakland Division of this Court is proper based upon the situs of the dispute between the parties, which is in Contra Costa County, California.

**PARTIES**

3. Plaintiff, MICHAEL RAY BREVIK ("Named Plaintiff or Plaintiff"), resides in Las Vegas, Nevada.

4. Defendant, BLACK & VEATCH CORPORATION ("Defendant"), is a Delaware corporation and a global engineering, consulting, and construction company and one of the 500 largest private companies in the United States with more than 100 offices worldwide.

5. The Plaintiff is a former employee of the Defendant, employed in both the Operations Division and the Mechanical and Electrical Division, and those similarly situated to the Plaintiff are former or current employees of the Defendant who worked for the Defendant throughout the United States. Plaintiff was employed by defendant in California, Illinois, Texas, and Nebraska during the three year period prior to the commencement of this lawsuit.

**CLASS ACTION AND REPRESENTATIVE ALLEGATIONS**

6. The named Plaintiff brings this action on his own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

7. The class consists of all persons employed by the Defendant within the United States in respect to the alleged FLSA class under 29 U.S.C. § 216(b), and the States of California and Illinois in respect to the alleged classes governed by FRCP Rule 23 that are alleged under those States' laws, in the Operations Division and the Mechanical and Electrical Division, or similarly situated personnel who were performing the same sort of functions as the named Plaintiff, and subject to a failure to pay proper overtime compensation, from four years preceding the commencement of this action through the date of judgment after trial or such other applicable statute of limitations and who were not compensated at time and one-half their regular hourly rate for hours worked in excess of 40 hours per week required by the FLSA, Illinois and California law or, in the case of California law, in excess of a specified number of hours per day and/or not paid the premium hourly rate otherwise required by California law.

8. The named Plaintiff seeks to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable.

9. There is a well-defined community of interest in the questions of law and fact affecting the class the named Plaintiff represents. The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were denied payment of overtime compensation at a rate of time and one-half their regular hourly rate during the time in question or in the case of the California claims such other premium hourly rate required by California law. These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

10. The named Plaintiff will fairly and adequately represent the interests of the class, because the named Plaintiff is a member of the class and the claims of the named Plaintiff are typical of the claims of those in the class. The named plaintiff has retained experienced counsel competent to represent the class, the adjudication of the putative FRCP Rule 23 class claims on a class action basis is superior to other means of adjudication of such claims and/or is desirable based upon the common actions of the defendant towards the class and/or the risk of inconsistent adjudications and uncertainty regarding the proper standard of conduct by

the defendant if such claims were subject to multiple individual litigations and/or the other criteria of FRCP Rule 23 are met warranting the class action certification of such claims.

**FACTS**

11. During all times relevant herein, the class members supported the business of Defendant by working in various power plant locations nationwide. Such work involved the class members working in "start-up" positions, prior to the opening of a power plant. The class members working in the Operations division chiefly performed tasks involving monitoring and maintaining the operations of the plant from a computer control room. The class members working in the Mechanical and Electrical Division chiefly performed manual tasks including operating machinery such as pumps and pipes, and other power plant equipment prior to turning the power plant over to its owners to officially open it. The work performed by the employees in both the Operations Division and the Mechanical and Electrical Division did not require any advanced professional degree or license or the prior completion of any extended course of academic or technical studies in any art or science.

12. Defendant compensated the Plaintiff and the class members on an hourly basis and improperly designated the Plaintiff and the class members as "overtime exempt"

employees and did not pay them the overtime wages required by the FLSA or California or Illinois law despite the fact such persons were entitled to such overtime wages.

**FIRST CAUSE OF ACTION: Overtime Wages Pursuant to the FLSA**

13. Plaintiff hereby incorporates each and every allegation contained of this Complaint above and realleges said allegations as though fully set forth herein.

14. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named Plaintiff and those similarly situated to him were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named Plaintiff and those similarly situated worked more than 40 hours per week for the Defendant, and the Defendant willfully failed to make said overtime payments. The Named Plaintiff's written consent to join this action is attached hereto.

15. The named Plaintiff on behalf of himself and all other similarly situated persons who consent in writing to join this action, such persons proposed to be notified of this action through the dispatch of a written notice to the last known names and addresses of such persons that are set forth in the defendant's records, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any

6

unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named Plaintiff and any such other persons who consent to join this action, and the Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**SECOND CAUSE OF ACTION: Overtime Wages**

(California Labor Code Section 1194)

16. Plaintiff hereby incorporates each and every allegation contained of this Complaint above and realleges said allegations as though fully set forth herein.

17. At all relevant times, the named Plaintiff and the plaintiff class members were required to work in excess of eight hours or twelve hours during the workday and in excess of 40 hours during the workweek and/or worked more than six consecutive days in a workweek and/or in excess of eight hours on a seventh continuous day of employment.

18. During all relevant times the requirements of the applicable California Wage Order provided that employees such as the plaintiff and those similarly situated must be paid an overtime premium of time and one-half their regular rate for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week and in the event they worked in excess of 12 hours in any one day, or in excess of 8

hours during a seventh continuous day, overtime at a rate of double their regular hourly rate for such other excess hours.

19. Although the named Plaintiff and the plaintiff class members worked overtime as that term was defined in the relevant wage orders, Defendant failed and refused to pay the legally required California state overtime premiums.

20. Therefore, Plaintiff, on behalf of himself and the plaintiff class, demands overtime compensation as provided under California law along with an award of attorneys fees, costs, interest, and such other relief as is proper.

**THIRD CAUSE OF ACTION: OVERTIME AND UNPAID WAGES**

(California Labor Business and Professions Code §§17200, et seq)

21. Plaintiff hereby incorporates each and every allegation contained of this Complaint and realleges said allegations as though fully set forth herein.

22. Throughout the above-described period, Defendant repeatedly misrepresented to the members of the Plaintiff class and the general public that the Plaintiff and members of the plaintiff class were employees exempt from the overtime laws of the State of California, the Defendant also failing to require or have the class members take specified paid and/or unpaid meal and rest breaks as required by California law and did not pay the class members an hour of additional wages per day for

8

such unreceived break time, as required by California law.

23. This misrepresentation and omission by the Defendant gave Defendant a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law and who also gave the employees the meal and rest breaks required by California law or the additional wages required by California law in lieu thereof.

24. Defendant's conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Business and Professions Code §17200, *et seq*.

25. Therefore, Plaintiff prays for restitution and injunctive relief for all class members for all wages due and an order pursuant to Business & Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed and who render services to Defendant within California.

**FOURTH CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES**

(Labor Code Section 218.6)

26. Plaintiff hereby incorporates each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

27. California Labor Code Section 218.6 states: "In any action brought for the nonpayment of wages, the court

shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

28. Subdivision (b) of Section 3289 of the California Civil Code states: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

29. Therefore, Plaintiff demands interest on behalf of himself and all of the members of the alleged class on the amount of wages due weekly at the rate of 10% per annum as required by law.

**FIFTH CAUSE OF ACTION: WAITING PENALTIES**

(California Labor Code Section 203)

30. Plaintiff hereby incorporates each and every allegation contained of this Complaint and realleges said allegations as though fully set forth herein.

31. California Labor Code Section 203 states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages

10

shall not continue for more than 30 days."

32. The named Plaintiff and the numerous class members terminated employment more than 30 days prior to the filing of this lawsuit and at the time of such termination of employment were owed unpaid wages by the defendant which the defendant had willfully failed to pay, as alleged herein.

33. Therefore, Plaintiff demands waiting penalties according to law on behalf of himself and the members of the alleged class.

**SIXTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME**

(California Labor Code Section 226.7)

34. Plaintiff hereby incorporates each and every allegation contained of this Complaint and realleges said allegations as though fully set forth herein.

35. Pursuant to California Labor Code Section 226.7, and the wage orders issued pursuant to said statute, the Plaintiff and the class members were entitled to paid 10 minute breaks for every four hours of daily employment and an unpaid meal break of 30 minutes after five hours of daily employment.

36. Although the Plaintiff and the class members regularly worked for amounts of time each day that would entitle them to the paid and unpaid rest and meal breaks provided for under California Labor Code Section 226.7, they often or always did not receive such daily rest and meal breaks

11

and they did not receive one hour of additional pay on the days they did not receive such breaks.

37. Therefore, Plaintiff demands on behalf of himself and the class members the payment of an additional one hour of pay for each day that they were not provided with the breaks required by California law.

**SEVENTH CAUSE OF ACTION: OVERTIME WAGES**
(§ 820 Illinois Compiled Statutes 105/4(a))

38. Plaintiff hereby incorporates each and every allegation contained of this Complaint above and realleges said allegations as though fully set forth herein.

39. At all relevant times, the named Plaintiff and the plaintiff class members were required to work in excess of 40 hours during the workweek.

40. During all relevant times, the Illinois Minimum Wage Law provided that "...no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 and 1/2 times the regular rate at which he is employed."

41. Although the named Plaintiff and the plaintiff class members worked overtime as that term is defined in the relevant Illinois Minimum Wage Law, Defendant failed and refused to pay the legally required state overtime premiums.

42. Therefore, Plaintiff demands on behalf of himself and the members of the alleged class overtime compensation as provided under Illinois law.

**EIGHT CAUSE OF ACTION: STATUTORY PENALTIES
UNDER ILLINOIS STATE WAGE LAWS**
(§ 820 Illinois Compiled Statutes 105/12(a))

43. Plaintiff hereby incorporates each and every allegation contained of this Complaint above and realleges said allegations as though fully set forth herein.

44. Pursuant to 820 Ill. Comp. Stat. 105/12(a), an employer who violates the Illinois Minimum Wage Law is liable to an employee in a civil action for damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, together with costs and such reasonable attorney's fees as may be allowed by the Court.

45. Therefore, Plaintiff demands on behalf of himself and the Illinois class members the damages prescribed in 820 Ill. Comp. Stat. 102/12(a) along with costs and reasonable attorney's fees.

NOW THEREFORE, Plaintiff prays for relief for himself and all class members as follows:

1. Unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages pursuant to the FLSA along with an award of costs and attorney's fees;

2. Premium pay for overtime hours worked according to the Wage Orders of the California Industrial Welfare Commission

13

1  applicable at the time work was performed;

2      3. One hour of additional wages for each day that they worked
3  and were not provided with the breaks required by California law;

4      4. Interest at the legal rate of 10% per annum, from each week
5  payment of wages were due for each and every California class
6  member;

7      5. Waiting penalties as provided for under California Labor
8  Code Section 203;

9      6. Attorneys fees and costs as required by California Labor
10 
11 Code Section 1194;

12     7. Equitable and injunctive relief including restitution;

13     8. Overtime pay under Illinois law on behalf of every Illinois
14 class member;

15     9. Damages as provided for under 820 Ill. Comp. Stat.
16 102/12(a) on behalf of himself and every Illinois class member;

17     10. Costs and reasonable attorney's fees as provided for under
18 820 Ill. Comp. Stat. 102/12(a); and

19     11. Such further relief the court deems just and reasonable.

20     Plaintiff also demands a trial by jury on all claims subject to
21 a trial by jury.

22 Dated this 22nd day of October, 2010

23
24                 Leon Greenberg Professional Corporation

25             By: _____
                Leon Greenberg, SB# 226253
26                 633 South Forth St., Ste. 4
                Las Vegas, NV 89101
27                 (702) 383-6085
                leongreenberg@overtimelaw.com
28                 Attorney for Plaintiff

CONSENT TO JOINDER

Michael Ray Brevik, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Michael Ray Brevik,